2024 IL App (2d) 240406-U
No. 2-24-0406
Order filed October 17, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1163 |
| LARRY W. MARTIN, | ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in denying defendant pretrial release where defendant failed to raise self-defense and there was sufficient evidence that defendant committed the charged offenses, posed a real and present threat to the safety of the victim, and no combination of conditions could mitigate the threat. Affirmed.

¶ 2   Defendant, Larry W. Martin, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). As defendant did not file a memorandum, his motion for relief from pretrial detention serves as his argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). For the following reasons we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On June 3, 2024, defendant was arrested following an altercation with the victim, T.L.B.

¶ 5     Defendant was charged via complaint with two counts of aggravated domestic battery (great bodily harm and strangulation) (720 ILCS 5/12-3.3(a), (a-5) (West 2022)), three counts of aggravated battery (on or about a public way, great bodily harm, and strangulation) (*id.* §§ 12-3.05(a)(1), (a)(5), (c)), three counts of domestic battery (prior conviction, bodily harm, and physical contact) (*id.* §§ 13-3.2(a)(1), (2)), and one count of violation of conditions of pretrial release (*id.* § 32-10(b)).

¶ 6     On June 4, 2024, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1 of the Code. A hearing was held that same day. At the hearing, a police synopsis and public safety assessment report were entered into evidence.

¶ 7     According to the police synopsis, defendant and the victim had been in a dating relationship for approximately two years and had a history of domestic violence with defendant as the aggressor. At around 1:05 a.m. on June 3, 2024, the responding officer met with two witnesses who reported being awoken in their home by noise and observing a tall black man wearing a white sweater and gray pants actively battering the victim in the street outside. They observed the man repeatedly kicking and punching the victim about the head and body. The man then dragged the victim and walked towards a gold SUV. The man returned with a sweater and began to strangle the victim with the sweater. One of the witnesses video recorded the incident.

¶ 8     The responding officer observed the victim lying unconscious on the roadway. Her face and clothing were bloodied, her face was swollen, and her eyes were closed. The victim was transported to the hospital where she was diagnosed with severe complex facial fractures and underwent emergency surgery.

¶ 9 The victim later reported that she and defendant had been outside in the area where she was found. She did not recall what had occurred, but indicated defendant was the only one with her. She positively identified defendant from a photograph taken from the video footage of the attack taken by the witnesses.

¶ 10 Defendant was located approximately 2.5 miles away and taken into custody. Defendant was wearing the clothing described by the witnesses and observed in the video. He had blood on his clothing and face and a laceration on the knuckle of his right hand. Defendant did not want to provide a statement, but asked, "how she is [*sic*]?"

¶ 11 The State also offered by way of proffer that, at the time of the offense, defendant was on pretrial release for another domestic battery charge involving the victim, in which defendant allegedly kicked her repeatedly, dragged her out of a car, stomped on her head seven to eight times, paused, stomped on her head five more time, then kicked the victim in the back and neck. Part of the conditions of pretrial release in that case was that defendant was to have no contact with the victim. Additionally, defendant had prior convictions for domestic violence and stalking out of Mississippi.

¶ 12 The trial court granted the State's petition to deny defendant pretrial release.

¶ 13 On June 14, 2024, defendant filed a motion for relief. A hearing was held on defendant's motion on July 11, 2024, at which time the trial court denied the motion for relief. Defendant timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15 On appeal, defendant argues that that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses, on the basis that there was no indication that the eyewitnesses ever identified defendant

as the assailant, there were no witnesses to the beginning of the altercation, and the State failed to prove that defendant had not acted in self-defense; (2) defendant poses a real and present threat to the safety of any person or persons or the community, because the "there is no evidence that this is not self-defense"; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, because the State failed to present evidence concerning possible conditions of release including why a combination of GPS, electronic home monitoring, and a no contact order would not mitigate the risk of defendant's release.

¶ 16    On an appeal from an order denying a defendant pretrial release, we review whether the trial court's factual findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 17    Regarding the sufficiency of the evidence that the proof was evident or presumption great that defendant committed the charged offenses, we begin by rejecting defendant's arguments regarding self-defense. Self-defense is an affirmative defense, which must be raised sufficiently by the defendant, only after which point the State has the burden of proving that the defendant did not act in self-defense. *People v. Lee*, 213 Ill. 2d 218, 224-25 (2004). At no point did defendant raise self-defense, instead arguing before the trial court that the State had not shown defendant did not act in self-defense. The State was therefore not obligated to provide evidence for a lack of self-defense at this point in the proceedings. See *People v. Smith*, 2024 IL App (2d) 240168, ¶ 21. ("A claim of justification is, of course, relevant at a pretrial release hearing, but merely because a

defendant *might* raise a defense at trial is *not* dispositive of pretrial release concerns." (Emphasis in original.)).

¶ 18     We likewise reject defendant's argument regarding the lack of identification by the two eyewitnesses. The victim's statement that she had been alone with defendant prior to the altercation, her identification of defendant from the video, the fact defendant and his clothing matched the witnesses' description, the fact defendant was covered in blood, and the fact defendant asked, "how she is?", are more than sufficient to identify defendant as the assailant for the purposes of a pretrial detention hearing.

¶ 19     Accordingly, the trial court's finding that the proof was evident or presumption great that defendant committed the charged offenses was not against the manifest weight of the evidence.

¶ 20     Regarding the trial court's finding that defendant posed a real and present threat to the safety of any person or persons or the community, defendant's self-defense argument fails for the same reason discussed previously. *Supra* ¶ 17. Additionally, there was ample evidence of the danger defendant posed to the victim. Defendant was caught on video beating and strangling the victim. She was left with severe complex facial fractures. All of this occurred while defendant was on pretrial release from another incident involving the same victim in which he allegedly dragged her from a car and repeatedly stomped on her head. Defendant clearly posed a threat to the victim's safety, and the trial court's finding regarding dangerousness was not against the manifest weight of the evidence.

¶ 21     Finally, the defendant contends that the State failed to show by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the victim because the State failed to present evidence concerning possible conditions of release,

including why a combination of GPS, electronic home monitoring, and a no contact order would not mitigate the risk of defendant's release.

¶ 22    First, the State did present evidence and arguments regarding why no combination of conditions could mitigate the threat to the victim. Notably, the State argued that defendant would not comply with conditions because defendant was on pretrial release from another domestic violence case involving the same victim at the time of the instant offense and as a condition of pretrial release defendant was to have no contact with the victim. The State also emphasized that the instant offense occurred on a public street in plain view of witnesses, arguing that the fact defendant's crimes would be witnessed and reported was likewise not a deterrent to defendant.

¶ 23    Regarding the condition of electronic home monitoring, the trial court noted that electronic home monitoring allows defendants some time outside of the home and that defendant could use that time to harm the victim. See 730 ILCS 5/5-8A-4(A-1) (West 2022) (a defendant on electronic home monitoring must be allowed no fewer than two days per week outside the home to participate in basic activities).

¶ 24    In light of the fact that defendant was on pretrial release at the time of the current offense from another domestic violence charge against the same victim, the severity of victim's injuries, and the brazenness of the offense, the trial court's finding that no condition or combination of conditions can mitigate the real and present threat to victim was not against the manifest weight of the evidence.

¶ 25    Accordingly, the trial court's order denying defendant pretrial release was not an abuse of discretion.

¶ 26                                    III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 28     Affirmed.